UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHEN L. KASS,

        Plaintiff,

   -against-

THE CITY OF NEW YORK; New York City Police ("NYPD") Officer K. ERNST, Shield # 30242; NYPD Officer MICHAEL ALFIERI, Shield # 800; NYPD Officer "JANE" BEGGIN; and NYPD Officer JOHN DOE,

        Defendants.

14 CV 7505

Case No.: 14 Civ. _____

**COMPLAINT AND JURY TRIAL DEMAND**

JUDGE CARTER



    Plaintiff Stephen L. Kass, by and through his attorneys, Emery Celli Brinckerhoff & Abady LLP, for his Complaint alleges as follows:

### INTRODUCTION

    1.    On September 17, 2013, Stephen L. Kass was falsely arrested, handcuffed, and detained—all for doing nothing more than speaking briefly with a fellow citizen while standing on a public sidewalk.

    2.    Plaintiff, at the time a 73-year-old attorney residing in White Plains, New York and practicing law in Manhattan, was arrested while speaking with protestors who were lined up behind barricades in Zuccotti Park, near the corner of Broadway and Liberty Street. A passerby who was not involved in the protest in any way, Plaintiff paused briefly on the public sidewalk to ask a question of the protestors. At no time did Plaintiff obstruct or impede pedestrian or vehicular traffic, or intend to obstruct or impede traffic. At no time did Plaintiff engage in illegal conduct or conduct giving rise to probable cause that he committed a crime.

1

3. Nevertheless, Defendant police officers arrested Plaintiff, forcibly removing him from the street. They handcuffed him, placed in the back of a police car, and drove him to the precinct, where they charged him with disorderly conduct.

4. The charge was dismissed on January 8, 2014.

## THE PARTIES

5. Plaintiff Stephen L. Kass is a citizen of the United States and resides in White Plains, New York.

6. Defendant City of New York ("City") is a municipality organized and existing under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York City Police Department ("NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters, and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, Defendant City was responsible for enforcing the rules of the NYPD and for ensuring that the NYPD personnel obey the laws of the United States and of the State of New York.

7. At all times relevant hereto, Defendant Police Officer K Ernst ("Ernst"), Shield # 30242, was a police officer of the NYPD, acting in the capacity of agent, servant, and employee of Defendant City, and within the scope of her employment as such. On information and belief, at all times relevant hereto, Defendant Ernst was under the command of First Precinct.

8. At all times relevant hereto, Defendant Sgt. Michael Alfieri, Shield # 800, was a police officer of the NYPD, holding the rank of sergeant, acting in the capacity of agent, servant, and employee of Defendant City, and within the scope of his employment as such.

9. At all times relevant hereto, Defendant Police Officer "Jane" Beggin was a police officer of the NYPD, acting in the capacity of agent, servant, and employee of Defendant City, and within the scope of her employment as such.

10. At all times relevant hereto, Defendant Police Officer John Doe (name unknown) was a police officer of the NYPD, acting in the capacity of agent, servant, and employee of Defendant City, and within the scope of his employment as such.

11. At all times relevant hereto, Officer Ernst, Officer Alfieri, Officer Beggin, and Officer Doe (collectively the "Officer Defendants") were acting under the color of state law.

## JURISDICTION AND VENUE

12. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983 and 1988, and New York state common law.

13. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a), and the doctrine of pendent jurisdiction.

14. The acts complained of occurred in the Southern District of New York and venue is lodged in this Court pursuant to 28 U.S.C. § 1391(b).

## JURY DEMAND

15. Plaintiff demands trial by jury in this action.

## FACTUAL ALLEGATIONS

16. On September 17, 2013, at approximately 4:40 p.m., Plaintiff was walking northbound on Broadway in Manhattan toward the City Hall subway stop. He was on his way home to White Plains, New York, from his office in lower Manhattan.

17. Plaintiff noticed a crowd gathered in Zuccotti Park, holding placards and chanting slogans. He surmised that they were part of the Occupy Wall Street movement, which

he recalled was commemorating the demonstrations it had conducted in that Park several years earlier. In fact, September 17, 2013 was the second anniversary of the protest movement.

18. The protesters were located within the boundaries of Zuccotti Park, behind police barriers that separated them from pedestrians on the sidewalk. Police officers stood near the barricades.

19. Plaintiff approached the barricades, at the boundary between Zuccotti Park and the sidewalk on the west side of Broadway between Cedar Street and Liberty Street, to read the signs the protestors were holding and the buttons they were wearing. He stopped briefly to comment upon a sign that said, in sum and substance, "Tax the Rich," and he engaged in a brief discussion with a protestor who was holding that sign and with another protestor standing nearby.

20. The interaction between Plaintiff and the protestors lasted no more than a minute or two, and was pleasant and non-confrontational.

21. At no time during this conversation did Plaintiff impede pedestrian or vehicular traffic, nor did he intend to impede such traffic.

22. Plaintiff remained on the public sidewalk during the entire conversation.

23. As Plaintiff was speaking with the protestors, Defendant Officer Ernst approached and told Plaintiff to keep walking.

24. Plaintiff politely told Defendant Ernst that he was interested in the protestor's views, and asked Defendant Ernst why he had to move along.

25. Defendant Ernst responded by repeating that Plaintiff had to keep walking.

26. Plaintiff replied, in substance, that there was no traffic on the sidewalk and that he was not obstructing anyone. Indeed, pedestrian traffic was unimpeded throughout this

encounter.

27. Regardless, Defendant Ernst insisted that Plaintiff had to move away from the barricade.

28. Plaintiff replied that he was not part of the protest, but that he was a citizen who wanted to hear what the protestor was saying and that he had a right to do so, given that he was not blocking the sidewalk.

29. Defendant Ernst then called over another officer, Defendant Alfieri.

30. Defendants Alfieri and Ernst insisted that Plaintiff move on, falsely alleging that he was blocking the sidewalk, despite the fact that other pedestrians continued to move freely on the sidewalk.

31. Defendant Doe approached Plaintiff and the other Defendants.

32. Defendant Alfieri pulled Plaintiff toward the middle of the sidewalk as if he wanted to speak to him, but then grabbed Plaintiff' right arm, in two places. Plaintiff objected, explaining that he was talking to protestors and requested the Officer to "take your hands off me." The Defendant then pulled Plaintiff's shoulder bag off his arm and twisted Plaintiff's arm sharply behind his back.

33. Defendant Alfieri then directed Defendant Officer Doe to grab Plaintiff's other arm, so that both hands were behind Plaintiff' back, and directed that Plaintiff be placed in handcuffs, which he was. Numerous officers participated in the handcuffing and arrest of Plaintiff, including at least two supervisors other than Defendant Alfieri, both of them wearing white shirts.

34. Defendant Alfieri said that Plaintiff was resisting arrest. Plaintiff was not resisting the officers, and clearly so stated.

35. The police officers, including the defendants, led Plaintiff, who was handcuffed, away from the barricades.

36. The officers, including the defendants, patted Plaintiff down thoroughly. They also searched his shoulder bag.

37. The officers, including the defendants, pushed Plaintiff across Broadway, where another of other officers gathered around.

38. Plaintiff responded politely and fully to all the officers' questions, explaining that he was an attorney, that his office was two blocks away, and that he had a train to catch so that he could make an appointment in White Plains.

39. After consulting briefly, the officers, including the defendants, pushed Plaintiff—who was still handcuffed—into the back of a waiting police car at Liberty Street and Broadway, removed his wallet from his pants pocket, and announced that he was being taken to "Central Booking."

40. After about five minutes, Defendant Ernst and Defendant Beggin got in the car and told Plaintiff that if he stayed "quiet" and did not "cause any trouble," he would simply be taken to the precinct and given a summons.

41. Defendants Ernst and Beggin transported Plaintiff to the First Precinct, where they arrived at around 5:20 p.m.

42. During the drive, Defendant Ernst and Defendant Beggin repeated that Plaintiff should behave well at the station house or else Plaintiff (and Defendant Beggin) would spend the entire night in the precinct.

43. Once at the precinct, Plaintiff was given a summons for disorderly conduct with a return date of December 3, 2013.

44. As a result of the summons, Plaintiff was forced to appear multiple times in court.

45. The charge against him was finally dismissed on January 8, 2014, for failure to prosecute, when the officers failed to show up at court for a second time.

46. Within ninety days after favorable outcome of this criminal proceeding, a written notice of claim, sworn by Plaintiff, was served upon Defendants by personal delivery of notice, in duplicate, to the Comptroller's office at 1 Centre Street, New York, New York.

47. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

48. This action has been commenced within one year and ninety days after Plaintiff was acquitted of all charges.

### FIRST CAUSE OF ACTION
42 U.S.C. § 1983 – False Arrest & False Imprisonment
(Against Officer Defendants)

49. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

50. The Officer Defendants wrongfully and illegally arrested Plaintiff and/or failed to intervene to prevent Plaintiff's wrongful arrest, and falsely charged Plaintiff with disorderly conduct.

51. The wrongful, unjustifiable, and unlawful apprehension, arrest, and detention of Plaintiff was carried out without any basis, without Plaintiff's consent, and without probable cause or reasonable suspicion.

52. At all relevant times, the Officer Defendants acted forcibly in apprehending and arresting Plaintiff.

53. Throughout this period, Plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, and falsely charged.

54. At all times, the unlawful, wrongful, and false arrest of Plaintiff was without basis and without probable cause or reasonable suspicion.

55. All this occurred without any fault or provocation on the part of Plaintiff.

56. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and/or within the scope of their employment as an NYPD officer. Said acts by the Officer Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourteenth Amendment to the United States Constitution.

57. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CAUSE OF ACTION
42 U.S.C. § 1983 – Malicious Prosecution
(Against Officer Defendants)

58. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

59. The Officer Defendants maliciously commenced criminal proceedings against Plaintiff.

60. The Officer Defendants charged Plaintiff with these charges falsely, maliciously, in bad faith, and without probable cause.

61. After proceedings in criminal court in which Plaintiff was forced to defend himself, all charges against Plaintiff were terminated in Plaintiff's favor.

62. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CAUSE OF ACTION
False Arrest/Imprisonment
(Against all Defendants)

63. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

64. The acts and conduct of the Officer Defendants in wrongfully and illegally arresting and detaining Plaintiff, and falsely charging him with disorderly conduct, constitute false arrest and false imprisonment under the laws of the State of New York.

65. The Officer Defendants intended to confine Plaintiff and/or failed to intervene to prevent the confinement of Plaintiff; the Officer Defendants, in fact, confined Plaintiff, and Plaintiff was conscious of the confinement. In addition, Plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

66. The wrongful, unjustifiable, and unlawful apprehension, arrest and detention of Plaintiff was carried out without any basis, without Plaintiff's consent, and without probable cause or reasonable suspicion.

67. At all relevant times, the Officer Defendants acted forcibly in apprehending and arresting Plaintiff.

68. Throughout this period, Plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, and falsely charged.

69. All this occurred without any fault or provocation on the part of Plaintiff

70. The Officer Defendants were at all times agents, servants, and employees acting within the scope of their employment by the NYPD and Defendant City. Defendant City is therefore responsible for their conduct under the doctrine of *respondeat superior.*

71. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
Malicious Prosecution
(Against all Defendants)

72. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

73. The Officer Defendants maliciously commenced criminal proceedings against Plaintiff.

74. The Officer Defendants charged Plaintiff with these charges falsely, maliciously, in bad faith, and without probable cause.

75. After proceedings in criminal court in which Plaintiff was forced to defend himself, all charges against Plaintiff were terminated in Plaintiff's favor.

76. The Officer Defendants were at all times agents, servants, and employees acting within the scope of their employment by the NYPD and Defendant City. Defendant City is therefore responsible for their conduct under the doctrine of *respondeat superior.*

77. As a direct result and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CAUSE OF ACTION
Assault
(Against all Defendants)

78. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

79. The Officer Defendants intentionally, willfully, and maliciously assaulted Plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did violent and/or menacing acts which threatened such contact to Plaintiff, and that such act(s) caused apprehension of such contact in Plaintiff, and/or failed to intervene to prevent other officers from doing so.

80. All this occurred without any fault or provocation on the part of Plaintiff.

81. The Officer Defendants were at all times agents, servants, and employees acting within the scope of their employment by the NYPD and Defendant City.  Defendant City is therefore responsible for their conduct under the doctrine of *respondeat superior*.

82. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before alleged.

### SIXTH CAUSE OF ACTION
Battery
(Against all Defendants)

83. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

84. The Officer Defendants intentionally, willfully, and maliciously battered Plaintiff in that they deliberately touched Plaintiff and/or caused Plaintiff to be touched, and such physical contact was offensive, unwelcome, and without consent, and/or failed to intervene to prevent other officers from doing so.

85. All this occurred without any fault or provocation on the part of Plaintiff.

86. The Officer Defendants were at all times agents, servants, and employees acting within the scope of their employment by the NYPD and Defendant City. Defendant City is therefore responsible for their conduct under the doctrine of *respondeat superior.*

87. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before alleged.

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

a. Compensatory damages in an amount to be determined at trial;

b. Punitive damages against the individual defendant in an amount to be determined at trial;

c. Reasonable attorneys' fees and costs under 42 U.S.C. § 1988;

d. Injunctive relief; and

e. Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
September 16, 2014

EMERY CELLI BRINCKERHOFF & ABADY LLP

By: _____
Andrew G. Celli, Jr.
Alison Frick
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000
*Attorneys for Plaintiff*