UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHEN L. KASS,

                Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                Defendants.



14 Civ. 7505 (ALC)

ORDER

**ANDREW L. CARTER, JR., United States District Judge:**

    Plaintiff Stephen L. Kass ("Kass") filed this action against The City of New York, as well as New York City Police Department ("NYPD") Officers K. Ernst, Michael Alfieri, Meredith Biggin[1], and John Doe, on September 16, 2014. Kass claims false arrest, false imprisonment, and malicious prosecution under 42 U.S.C. § 1983 ("Section 1983") against the officer defendants, along with false arrest, false imprisonment, malicious prosecution, assault, and battery under New York State law against all defendants. Kass seeks monetary damages, costs and reasonable attorney's fees, and injunctive relief. Defendants' Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) is GRANTED in part and DENIED in part. Specifically, Defendants' request for the dismissal of Plaintiff's malicious prosecution claim under Section 1983 is GRANTED because Plaintiff has failed to show a deprivation of liberty consistent with the concept of seizure under the Fourth Amendment to the federal constitution. The remainder of Defendants' Motion is DENIED.

---

[1] Plaintiff initially misidentified Meredith Biggin as "Jane Beggin," though subsequently served Meredith Biggin on May 13, 2015. (ECF Nos. 23, 31.)

## STANDARD OF REVIEW

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is subject to the same standard of review as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010); *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). To withstand a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint "need not include detailed factual allegations, but must contain sufficient factual matter ... to state a claim to relief that is plausible on its face." *Corona Realty Holding, LLC v. Town of N. Hempstead*, 382 F. App'x 70, 71 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted).

## DISCUSSION

To state a cause of action for malicious prosecution under Section 1983, a plaintiff must show that: (1) the defendant commenced a prosecution against the plaintiff, (2) there was no probable cause to believe the prosecution could succeed, (3) the defendant behaved with malice, (4) the prosecution ended in the plaintiff's favor, and (5) there was "a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." *Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000). The case law is clear that under the facts of this case, the fifth prong cannot be satisfied.

Kass alleges that at approximately 4:40 p.m. on September 17, 2013, he was arrested and taken to the First Precinct, where he arrived at 5:20 p.m. and received a summons for disorderly conduct with a return date of December 3, 2013. Compl. ¶¶ 16, 39-43. The summons resulted in Kass having to appear in court twice, and the charge against him was dismissed for failure to prosecute on January 8, 2014, when police officers again did not show up. *Id.* ¶¶ 44-45.

The facts in *Faruki v. City of N.Y.*, No. 12-cv-1750, 517 F. App'x 1 (2d Cir. Feb. 7, 2013) are very similar to the ones at bar. The Second Circuit held that Faruki, who had also been arrested, did not experience any restriction owing to the proceedings against her beyond merely having to appear in court on two occasions—"an insufficient deprivation of liberty to support a Fourth Amendment malicious prosecution claim." *Id.* at *2. *See also Burg v. Gosselin*, 591 F.3d 95, 98 (2d Cir. 2010) ("We hold that the issuance of a pre-arraignment, non-felony summons requiring a later court appearance ... does not constitute a Fourth Amendment seizure.... The number of appearances may bear upon whether there was a seizure—though it is hard to see how multiple appearances required by a court ... can be attributed to the conduct of the officer who issues it."). Accordingly, Kass having to appear twice in court in response to a summons was not a seizure under the Fourth Amendment for purposes of his federal malicious prosecution theory.

## CONCLUSION

For the reasons stated in this Order, Plaintiff's malicious prosecution claim under Section 1983 is DISMISSED. Plaintiff's remaining claims survive Defendants' Motion for Judgment on the Pleadings. The Clerk of Court is respectfully directed to terminate ECF No. 18.

**SO ORDERED.**

**Dated:** **June 8, 2015**
**New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**

3